IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JIMMY PÉREZ OLIVO

Petitioner

v.                                  CIVIL NO. 97-2068(SEC)

UNITED STATES OF AMERICA

Respondent

## REPORT AND RECOMMENDATION

Before the Court are a myriad of pleadings filed by petitioner Jimmy Pérez Olivo, wherein, pursuant to Fed. R. Civ. P. 60 (b), he requests relief from the judgment entered by this Court in this same case denying his petition under 28 U.S.C. § 2255. See Docket Nos. 79, 81, 82, 83, 84, 86, 87, 88, 91, 92, 95 (these multiple pleadings have been filed from February 2, 2001 to November 27, 2001). On November 20, 2001, Attorney Julio C. Morillo-Limardo, filed a notice of appearance (Docket No. 93), and since then has filed additional pleadings on behalf of petitioner. See Docket Nos. 97, 98, 100, 101. The Government has filed an opposition to petitioner's request. See Docket No. 95A.

In a nutshell, petitioner contends that having served a five (5) year sentence for violation of 21 U.S.C. § 841 (a)(1), he currently is serving illegally a consecutive five (5) year sentence for violation of 18 U.S.C. § 924 (c)(1). Petitioner contends that this second sentence is void, notwithstanding the facts that (i) he pled guilty to committing said crime, and, (ii) the Court denied his earlier § 2255 petition based on the same grounds he now raises. The reason for his sentence being illegal, petitioner contends, is that the Government failed to inform him that during his co-defendant's suppression hearing, said co-defendant, Edwin Moure, testified that the firearm in question was his own firearm.

The Government contends that because petitioner's present claim for *habeas corpus* relief was previously denied, he is procedurally barred from bringing this second petition. See Rule 9 (b) of Federal Rules Governing Section 2255 Proceedings for the United States District Courts;



CIVIL NO. 97-2068(SEC)                               2

28 U.S.C. § 2244 (a); 28 U.S.C. § 2255.

Petitioner, well-aware of the above bar, nonetheless contends that Fed. R. Civ. P. 60 (b) allows him to move the Court to revisit and vacate its earlier judgment denying him § 2255 relief, notwithstanding that the Rule 60 (b) motion is based on the same ground previously rejected by the Court. To support his proposition he cites a Second Circuit case, Rodríguez v. Mitchell, 252 F. 3d 191 (2nd Cir. 2001). See Docket No. 98 at page 5.

In Rodríguez v. Mitchell, supra, the Second Circuit departed from the approach taken by the overwhelming majority of federal courts of treating a Rule 60 (b) motion based on the same grounds as a previous § 2255 motion as a second or successive habeas petition. Contra United States v. Bovie, 2001 WL 863578 * 1 (10th Cir. 2001); United States v. Queen, 2001 WL 227349 * 1 (4th cir. 2001); Ebeck v. United States, 205 F. 3d 1345 (8th Cir. 1999) (table); United States v. Rich, 141 F. 3d 550-551 (5th Cir. 1998), cert. denied, 526 U. S. 1011 (1999); Thompson v. Calderón, 151 F. 3d 918, 921 (9th Cir. 1998) (*en banc*); McQueen v. Scroggy, 99 F. 3d 1302, 1335 (6th Cir. 1996); Felker v. Turpin, 101 F.3d 657, 660-661 (11th Cir. 1996) (*per curiam*); United States v. Hernández, 158 F. Supp. 2d 388 (D. Del. 2001).

This Court, absent a contrary holding by the United States Court of Appeals for the First Circuit, declines to depart from the majority's sound approach. Otherwise, petitioner in this case would circumvent Section 2255's directive that a "second or successive motion must be certified as provided in Section 2244 by a panel of the [First Circuit] to contain" newly discovered evidence, or a new rule of constitutional law.

In the case at bar, petitioner's arguments have previously been adjudicated by the Court, and petitioner has not obtained the required certification from the First Circuit to file a second or successive motion. Moreover, the Court cannot ignore the fact that petitioner, simultaneously brought a parallel *habeas corpus* action before this Court, seeking the very same remedy now sought here. See Jimmy Pérez Olivo v. Jorge L. Pastrana, Warden M.D.C.-Guaynabo, Civil No. 01-2623 (SEC). This action was dismissed with prejudice on December 7, 2001, based on the fact that petitioner failed to seek leave from the First Circuit to file the same.

**CIVIL NO. 97-2068(SEC)**                             3

Because the petitioner in this case has likewise failed to seek leave from the First Circuit to bring the present successive *habeas corpus* petition, the Court hereby **RECOMMENDS** that the present petition (Docket Nos. 79, 81, 82, 83, 84, 86, 87, 88, 91, 92, 95) be **DENIED with prejudice.**

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 17th day of December, 2001.

GUSTAVO A. GELPI
United States Magistrate-Judge