IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JIMMY PEREZ OLIVO

Petitioner

v.                                    Civil No. 97-2068(SEC)

UNITED STATES OF AMERICA

Respondent

## ORDER

On November 2, and 27, 2001, the Court issued orders referring numerous filings by Petitioner (Dockets ## 79, 81, 83, 84, 87 and 87), all of which amount to a motion for relief from judgment based on "newly discovered evidence", to Magistrate Judge Gustavo Gelpí for his report and recommendation **(Dockets ## 89 & 96)**. On December 17, 2001, Magistrate Gelpí issued his report and recommended that Petitioner's motions be denied because in reality Petitioner's Rule 60(b) motion is based on the same grounds as Petitioner's previously filed and denied § 2255 motion and, therefore, in essence Petitioner motion is a second successive habeas petition **(Docket # 102)**. The Magistrate Judge concluded that Petitioner was trying to circumvent § 2225's directive that orders that a "second or successive motion must be certified as provided by § 2244 by a panel of the [First Circuit] to contain" newly discovered evidence, or a new rule of constitutional law. On December 21, 2001, and January 3, 2002, Petitioner filed objections to the Magistrate Judge Report and Recommendation **(Dockets ## 103 & 105)**.

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. 63(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. However, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985); Borden v. Secretary of Health, 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the



Civil No. 97-2068(SEC)                                                                                                    2

---

Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994). <u>See also</u> Rule 510 (2) of the Local Rules for the District of Puerto Rico.

The Court has reviewed Petitioner's objections, as well as the Magistrate's report. The Court does not agree with Defendants' objections. Petitioner's objections fail to concretely address the Magistrate Judge's conclusion that in essence his Rule 60(b) motion in reality constitutes a successive filing of a § 2255 petition. Therefore, as the Magistrate stated in his report, absent a contrary holding by the U.S. Court of Appeals for the First Circuit, we must conclude that a Rule 60(b) motion based on the same grounds as a previously filed § 2255 motion must be considered as a second or successive filing of a habeas petition.

For the reasons discussed above, the Magistrate's Report and Recommendation **(Docket # 102)** is hereby **APPROVED** and **ADOPTED** as our own, and Petitioner's motions are **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this ___ day of October, 2003.

SALVADOR E. CASELLAS
United States District Judge