UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CASE NUMBER 97-2068(SEC)

| | | |
|---|---|---|
| JIMMY PEREZ-OLIVO, | * | Related Court of Appeals Case No. 03-2191 |
| Movant/Petitioner, | * | |
| v. | * | Denial of Motion under Fed.Rules Civ.Proc. Rule 60(b) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

=============================/

## NOTICE OF APPEAL

TO THE HONORABLE COURT:

Notice is hereby given that Jimmy Perez-Olivo, movant/petitioner in the above named case hereby appeal to the United States Court of Appeals for the First Circuit from a ruling denying his motion for relief from judgment under Fed.R. Civ.P., Rule 60(b) filed on February 15, 2001, ruling entered in this action on the 24th day of October 2003, (Civ. # 97-2068, Docket Entry # 114).

At the time of this filing, Perez-Olivo has not been served a copy of the ruling entered on his motion for reconsideration. Perez-Olivo is relying on a copy of the docket sheet for Civ. # 97-2068, with the entry of denial, supplied to him by an acquaintance [with access to Web PACER], living and working in the community.

Thus, the Rule 60(b) motion being denied by a ruling entered on October 24, 2003, the time for filing notice of appeal expires 60 days later, on Wednesday, December 24, 2003. (See, R.Gov. § 2255 Proc. 11 [appeal time for civil cases applies]; Fed.R. App.P. 4(a) [notice of appeal in civil cases against the government due in 60 days]).

☑ FILING FEES PENDING
☐ FILING FEES PAID
1 S/C APPEAL'S CLERK

Thus, relying in the little information found in docket entry # 114 of civ. 97-2068, (attachment # 1) where the district court's ruling is entered as adopting the magistrate judge's report and recommendation (which movant has a copy of) and denying other entries made by movant/petitioner in the Rule 60(b) Motion, Perez-Olivo files the instant Notice of Appeal for the whole entered ruling denying the Rule 60(b) Motion thereof.

The district court refused to reconsider and set aside the imposed five year sentence for firearm violation under an aiding and abetting theory ("§ 2") and 924(c)(1) notwithstanding Perez-Olivo's statement made in the PSR (just days after guilty plea) "that he bacame aware of the firearm when it was found by the agents" which is tantamount to a proclamation of innocence, and was bolstered by the newly discovered evidence presented in the Rule 60(b) motion. The district court's ruling denying relief is a decision contrary [to] or [involved] an unreasonable application of clearly established federal law, as determined by the First Circuit Court of Appeals and the U.S. Supreme Court.

In lieu of the above, mavant/petitioner, Jimmy Perez Olivo, acting pro-se, reinstate his request for the recusal of the district court judge from the case under U.S. v. Horn, 29 F.3d 754 (1st Cir. 1994) ("Advisory mandamus is appropriate when issue presented is novel,[1] of great public importance, and likely to recur"); In re Williams, 156 F.3d 86, 93, n.7 (1st Cir. 1998) cert. denied 142 L.Ed.2d 904 (1999);

_____/

---

1. There are various issues in the decision[s] that are novel and need addressing by the First Circuit Court of Appeal, i.e., the decision that counsel was "appointed 'specifically' for sentencing purposes only, and the credibility choices of the magistrate judge."

In re Antar, 71 F.3d 97 (3d Cir. 1995) ("Mandamus is the proper means for Court of Appeals to review district court's refusal to recuse from case." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999) ("Court of Appeals has the power to treat a notice of appeal as a request for writ of mandamus.")

Based on the above movant/petitioner request the recusal of the district judge (reinstatement of petition), See Civ. 97-2068, docket entries nos. 85, 96, 106, 110, and Court of Appeals No. 02-1137. Under Phinney, supra the Court of Appeals have the power to grant the requested recusal made in the instant notice of appeal.

Perez-Olivo represents that the disputed factual finding[s] have cause severe collateral consequences as well as undeserved punishment and will continue to as long as Perez-Olivo remains behind bars while being innocent of the 924(c)(1) and § 2 conviction. His protestation of innocence began early in the criminal proceeding and have deep and sturdy roots in the record, which he presented in the rule 60(b) motion.

In lieu of the above, Jimmy Perez-Olivo request the following:

1. The recusal of the district judge from the case;

2. The appointment if "Linda George" as counsel for petitioner's appeal, under Rules Gov. § 2255 Proc. 8(c), ("[T]hese rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceedings if the interest of justice so requires") in order to present a meaningful appeal.

3. An ORDER of the Court (District or Appeal) for the service of a copy of the ruling entered in the rule 60(b) motion, docket # 114,

and any other entered in relation to the 924(c)(1) issue in Crim. 96-044, as mandated in Fed.Rules Civ.Proc., 5(a) which holds,"Except as otherwise provided in these rules, every order required by its term to be served . . . <u>shall</u> be served upon each of the parties."

4. The Court of Appeals may consider the instant statement as a request for dismissal under [Rule 42(b)] of the Request for Panel Review made under Rule 40, -Case No. 03-2191-[2], once the requested order for the service of the District Court's ruling on the Rule 60(b) motion is entered or the service of such ruling has been completed.

WHEREFORE, petitioner Jimmy Perez-Olivo, respectfully request that the notice of appeal be entered <u>as timely</u> and that the Court consider and grant the above mentioned relief, and any and all relief deemed just and equitable in this case by this Honorable Court.

RESPECTFULLY SUBMITTED.

In M.D.C. Guaynabo, P.R., this 12th day of December 2003.

I certify under penalty of perjury under 28 U.S.C. § 1746, that the above information is true and correct to the best of my understanding.

U.S.P.S. CERTIFIED NUMBER
7001 0320 0003 8514 7191

Jimmy Perez-Olivo, <u>pro-se</u>
Reg. No. 12576-069
M.D.C. Guaynabo, A-A/Cadre
P.O. Box 2147, San Juan,
Puerto Rico 00922-2147

I certify that 3 true and exact copies of the above captioned notice has been served on the Office of the Clerk, United States Court of Appeals for the First Circuit, John J. Moakley U.S. Courthouse, Suite 2500, 1 Courthouse Way, Boston, MA 02210, postage prepaid on this same date.

Jimmy Perez-Olivo, <u>pro-se</u>

---

[2]. A Judicial Notice was filed on November 25, 2003 in both the District and Appeals Court and a Petition for Panel Review was filed in the First Circuit Court of Appeal on December 2, 2003.