IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JIMMY PEREZ-OLIVO,　　　　　　*

　　Petitioner/Movant,　　　　*

v.　　　　　　　　　　　　　　*　　Case No. civ.97-2068(SEC)

UNITED STATES OF AMERICA,　　*　　Re: Motion Requesting Issuance
　　　　　　　　　　　　　　　　　　　　of Certificate of Appealability
　　Respondent.　　　　　　　　*
==========================/

PETITIONER'S ADDENDUM TO
MOTION REQUESTING ISSUANCE OF CERTIFICATE OF APPEALABILITY

TO THE HONORABLE COURT:

　　COMES NOW, the movant/petitioner Jimmy Perez-Olivo, acting pro-se, and respectfully states, alleges and prays as follows:

　　1. On February 2d, 2004, petitioner filed a motion with this Honorable Court requesting the issuance of a certificate of appealability for the denial of his request for reconsideration under Fed.Rules Civ.Proc. Rule 60(b) for the denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

　　2. At this time the petitioner wishes to fortified his argument with established case law to the argument presented at <u>Part 3</u>, of his already filed motion for certificate of appealability, because the government's attempt to prevent relief from being granted on the basis of a myriad of procedural obstacles must fail, based on manifest injustice or plain error.

　　3. This Court, after scrutinizing the entire record, must find a strong unyielding belief that a mistake has been made.

　　4. Petitioner very respectfully request that the following

statement be added to Part 3, at page 16, ¶ 2:

Add at page 16, end of ¶ 2:

The district court's holding is in error because it failed to examine the record in order to assure itself that a manifest injustice or miscarriage of justice had not occurred. "While failure to file written objections to the magistrate report continues to bar party from attacking on appeal factual findings in report accepted or adopted by the district court, except upon the grounds of plain error or manifest injustice . . ." Deloney v. Estelle, 679 F.2d 372 (5th Cir. 1982). Here, the Court will find that the First Circuit Court of Appeals had entered the Munoz ruling -which is the law of the circuit- 6 months prior to the district court's ruling in petitioner's rule 60(b) motion. By not applying the Circuit's holding to the petition, this Court committed plain error, or a manifest injustice. See, Munoz, 331 F.3d 151 (1st Cir. 2003). The issue here must turn -under the Munoz'holding- on a case-by-case inquiry into whether the Rule 60(b) motion's factual predicate deals primary with the constitutionality of the underlying conviction or sentence or, instead, "with some irregularity or procedural defect in the procurement of the judgment[s] denying habeas relief." Munoz, supra. In examining the myriad of filings made in the rule 60(b) proceeding, this court will find that at all times petitioner was attacking the way in which the judgment[s] denying the § 2255 motion were procured.

Because this court relied on the magistrate judge's report and recommendation to reach it's conclussion, which is contrary to clearly established federal law as defined by the First Circuit, the court committed plain error. "Court of Appeals reviews magistrate's

factual findings under the "clearly erroneous" rubric, meaning that the Court must accept both triers findings of facts and the conclusions drawn therefrom **unless**, after scrutinizing the entire record, the Court forms a strong unyielding belief that a mistake has been made. 28 U.S.C.A. § 636(b)(1)(A); Fed.Rules Civ.Proc.Rule 72(a) 28 U.S.C.A.; <u>Phinney v. Wenthworth Douglass Hosp. Inc.</u>, 199 F.3d 1 (1st Cir. 1999).

This court is aware that for the past 7 years petitioner has continuously proclaimed his innocence to the 924(c) count and has provided arguments and case laws as well as evidence sustaining his proclamation of innocence, and his counsel's inadequate assistance from pre-plea through appeal (or lack of) and post-conviction litigation; where counsels failed to investigate the criminal record and find the evidence presented in the Rule 60(b) motion which could have been presented at the only evidentiary hearing ever held in this case, being that said evidence is directly connected to counsel's performance at sentencing and was not taken into consideration when this court issued its ruling[s] in the section 2255 proceedings.

The issues presented in the Rule 60(b) Motion are not identical to those presented in the section 2255 motion, but clearly well connected to the imposed 60 months sentence for the 924(c) count of conviction attained because of counsel's ineffectiveness. This in the face of the sentencing court's determination that adequate evidence existed to sentence petitioner for aiding and abetting a 924(c) violation because he engaged in a conspiracy with another individual and said other individual carried [a secreted] firearm, petitioner's counsel at sentencing failed to object to the legal standard applicable

to petitioner's charges applied by this Court. Counsel did not claim that this Court was applying the incorrect legal standard nor argue that the government had the burden to prove that petitioner knew to a "practical certainty" that a firearm would be carried during the conspiracy. (We know now that the government could not had carried this burden, in lieu of the testimony attained at the suppression hearing of 8/30/96). Furthermore, counsel did not request an evidentiary hearing to compel the government to produce evidence of the "practical certainty" requirement, (which could not be produced). Therefore, by virtue of counsel's ineffectiveness, this Court was never asked, until the Rule 60(b) Motion, to reach a decision about counsel's performance at sentencing; as to 1) the propriety of holding an evidentiary hearing at sentencing to set forth -in the record- the factual basis relied on by the court, because, "Factual basis for guilty plea must appear in record and must be "sufficiently specific" to allow court to determine that defendant's **conduct was within ambit of that defined as criminal.**" Fed.Rules Crim.Proc., Rule 11(f) 18 U.S.C.A.; U.S. v. Armstrong, 951 F.2d 626, reh. denied, (5th Cir. 1992). (emphasis added); 2) the inconsistencies in the presentence report because "district court's acceptance of guilty plea is contingent upon court's review of presentence investigation and report," U.S.S.G. Sec. 6B1.1(c), p.s. 18 U.S.C.A.,App, U.S. v. Foy, 28 F.3d 464 (5th Cir. 1994) cert. denied, 115 S.Ct. 610, 130 L.Ed.2d 520; 3) the information the court had knowledge of -attained at the suppression hearing of 8/30/96) which established that the factual basis inquiry at change of plea was merely pro forma and the plea entered unintelligently and without knowledge, "district

court's inquiry into factual basis of guilty plea **must be searching** and not merely pro forma, Fed.Rules Crim.Proc. 11(f), 18 U.S.C.A, U.S. v. Moore, 931 F.2d 245 (4th Cir. 1991) cert, denied 112 S.Ct. 171, 502 U.S. 857, 116 L.Ed.2d 134.

The record from the sentencing proceeding presented no discussion of these critical issues because counsel's ineffectively failed to raise them, thus violating petitioner's constitutional right to effective assistance of counsel. Had counsel done so, the result of the proceeding would have been different.

Because at the time of the instant filing this Court has not reached a determination on the application for a certificate of appealability before it, the instant addendum may be incorporated and entertained, pursuant to the rules of civil procedure. Pro-se petitioner -Jimmy Perez-Olivo- respectfully request that the addendum be incorporated into the original application, and entertained.

WHEREFORE, it is herein respectfully requested that the instant addendum be incorporated to the original application for a certificate of appealability filed before this court on February 3d, 2004 (docket # 123) and entertained as part thereof when this court issues its ruling on said application.

RESPECTFULLY SUBMITTED.

In M.D.C. Guaynabo, P.R. this 16th day of April 2004.

Jimmy Perez-Olivo, pro-se

CERTIFICATE OF SERVICE

I Jimmy Perez certify under penalty of perjury, that a true and exact copy of the above captioned addendum was provided to the Clerk of the Court for service -by Pro-Se Writ Clerk- upon A.U.S.A. Antonio R. Bazan, of the U.S. Attorney's Office for the District of Puerto Rico, on the last date showing, postage prepaid.

Jimmy Perez-Olivo, pro-se